UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROGER D. GOTT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:12-CV-261-NAB |
|  | ) |  |
| CAROLYN W. COLVIN, | ) |  |
| Acting Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision denying Roger D. Gott's ("Gott") application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Gott alleges disability due to heart and shoulder problems and high blood pressure. (Tr. 102.) The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 11]. For the reasons set forth below, the Commissioner's decision is affirmed.

**I.    Procedural History**

On February 14, 2006, Gott filed an application for a period of disability and disability insurance benefits. (Tr. 86-90.) The Social Security Administration ("SSA") denied Gott's claim and he filed a timely request for a hearing before an administrative law judge ("ALJ"). (Tr. 62-70.) The SSA granted Gott's request and the hearing took place on October 23, 2007. (Tr. 31-56, 76-85.) The ALJ issued a written decision on November 27, 2007. (Tr. 14-24.) Gott requested review of the ALJ's decision from the Appeals Council. (Tr. 29-30.) On April 24,

2009, the Appeals Council denied Gott's request for review. (Tr. 3-9.) Gott appealed to the United States District Court in *Gott v. Astrue*, No. 4:09-CV-964 TIA, 2010 WL 1186840 (E.D. Mo. 2010). On March 29, 2010, at the request of Commissioner, the District Court issued a judgment reversing and remanding the case directing the ALJ to obtain existing evidence of treatment since September 13, 2007, consider the severity of Gott's mental impairment with a rationale for the ratings, and obtain evidence from a vocational expert on how Gott's impairments affect his ability to perform the mental demands of work. (Tr. 435-440.)

Upon remand, the ALJ held a supplemental hearing on December 16, 2010. (Tr. 366-434.) The ALJ issued another decision upholding the denial of benefits on May 16, 2011. (Tr. 344-360.) Gott requested review by the Appeals Council. (Tr. 339-40.) The Appeals Council denied Gott's request for review. (Tr. 323-326.) The decision of the ALJ thus stands as the final decision of the Commissioner. *See Sims v. Apfel,* 530 U.S. 103, 107 (2000). Gott filed this appeal, Brief in Support of Complaint, and a Reply Brief. [Docs. 2, 17, 24.] The Commissioner filed an Answer and Brief in Support of Answer. [Docs. 12, 23.]

The Court has reviewed the parties' briefs, the ALJ decision, the record including the hearing transcript and medical documentary evidence. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.      Standard of Review**

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Administration uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix to the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). At step five, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfies all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520(a)(4)(v).

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). Therefore, even if this Court finds that there is a preponderance of evidence against the weight of the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler,* 733 F.2d 65, 68 (8th Cir. 1984). An administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *Gwathney v. Chater,* 1043, 1045 (8th Cir. 1997).

To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

>    (1) The findings of credibility made by the ALJ;
> 
>    (2) The education, background, work history, and age of the claimant;
> 
>    (3) The medical evidence given by the claimant's treating physician;
> 
>    (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
> 
>    (5) The corroboration by third parties of the claimant's physical impairment;
> 
>    (6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
> 
>    (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

## III. ALJ's Decision

The ALJ determined that Gott last met the insured status requirements of the Social Security Act on December 31, 2008 and has not engaged in substantial gainful activity since the alleged onset date of February 6, 2006 through December 31, 2008. (Tr. 346.) The ALJ found that through the date last insured, Gott had the severe impairments of asthma, bulbous emphysema, residuals of left ventricular hypertrophy, hypokinesis, coronary artery disease ("CAD"), degenerative changes in the spine, and obesity. (Tr. 346-47.) The ALJ also found that Gott's generalized anxiety disorder and shoulder pain were not severe impairments. (Tr. 347.) The ALJ stated that Gott did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments of 20 C.F.R. Part 404, Subpart P, Appendix 1.

(Tr. 347.) The ALJ determined that Gott had the residual functional capacity to perform light work, except that he could only occasionally stoop, kneel, crouch, crawl, or climb stairs and ramps. (Tr. 348.) The ALJ also found that Gott can only occasionally lift or reach overhead with the right shoulder and must avoid even moderate exposure to extreme heat and cold, wetness, humidity, fumes, dusts, odors, gas, and hazards of heights. (Tr. 348.) In addition, the ALJ determined that Gott could not perform any past relevant work and through the date last insured, there were jobs that existed in significant numbers in the national economy that he could perform. (Tr. 359.) The ALJ concluded that Gott was not under a disability, as defined in the Social Security Act, from February 6, 2006, the alleged onset date, through December 31, 2008 the date last insured. (Tr. 360.)

IV. Discussion

Gott asserts that the ALJ's decision should be reversed for the following reasons: (1) a claimant need not be bedridden or completely helpless to be found disabled, (2) the ALJ erred by failing to evaluate the combined effects of all of his impairments, (3) the ALJ failed to fully and fairly develop the medical evidence regarding his mental impairment, (4) the ALJ erred in according more weight to a non-examining physician than to an examining physician, and (5) a claim cannot be denied because of opportunities for work that are merely conceivable and not reasonably possible.

A. Medical Expert Testimony

In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. § 404.1527(b); *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009). "Medical opinions are statements from physicians and psychologists or other acceptable medical sources

that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [his or her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

Generally, a treating physician's opinion is given controlling weight, but is not inherently entitled to it. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). A treating physician's opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007). A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p; *see also Hacker*, 459 F.3d at 937. When given controlling weight, the ALJ defers to a treating physician's medical opinions about the nature and severity of an applicant's impairments, including symptoms, diagnosis and prognosis, what an applicant is capable of doing despite the impairment, and the resulting restrictions. 20 C.F.R. § 404.1527(c)(2); *Ellis v. Barnhart*, 392 F.3d 988, 995 (8th Cir. 2005). A medical source's opinion that a claimant is "disabled" or "unable to work" does not mean that the Commissioner must find that the claimant is disabled. 20 C.F.R. § 404.1527(d)(1). A determination of whether a claimant is disabled is reserved for the Commissioner for resolution. 20 C.F.R. § 404.1527(d)(3).

It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007). "The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if [the conclusions] are inconsistent with the record as a whole." *Id.*

In this case, Gott asserts that the ALJ erred by not giving controlling weight to the opinions of Dr. John Demorlis and Dr. Greg Maynard. Gott also asserts that it was error for the ALJ to give more weight to the opinion of Dr. Morris Alex. The Court disagrees and finds that the ALJ's determination is supported by substantial evidence in the record as a whole.

Dr. Demorlis examined Gott for a consultative examination on June 8, 2006. (Tr. 215-219.) Dr. Demorlis' report indicates that Gott stated that he had a stent placed in his heart on February 7, 2006, but had not completed any follow-up. (Tr. 216.) Gott also reported that he had chest pain, was not taking any medications he had been prescribed, and currently used marijuana 3 to 4 times per week. (Tr. 216, 219.) Dr. Demorlis diagnosed Gott with chest pain compatible with angina pectoris[1]-American Functional Class II-III[2], CAD, coronary stenting in February 2006 without follow-up, myocardial infarction[3] in 2002, out of control hypertension, history of hyperlipidemia[4], history of illicit drug use- methamphetamine and marijuana, and history of tobacco use. (Tr. 219.) Gott's physical examination was substantially normal, with the exception of shortness of breath. (Tr. 218-19.) His gait was normal; he had essentially full range of motion in all joints, and a normal heart rate. (Tr. 218.)

Gott contends that the ALJ improperly assigned more weight to Dr. Alex's opinion regarding whether he was in Class II or III over Dr. Demorlis' opinion. During his testimony, Dr. Alex opined that Gott was certainly not in class III, but probably in Class II. The Court finds

---

[1] Angina pectoris is severe constricting pain in the chest, often radiating from the precordium to a shoulder (usually left) and down the arm, due to ischemia of the heart muscle usually caused by coronary disease. Stedman's Medical Dictionary 80 (27th ed. 2000).

[2] Doctors commonly use the New York Heart Association's Functional Classification to assess the severity of a patient's heart failure on a scale of Class I to IV. A patient in class II has cardiac disease resulting in a slight limitation of physical activity and is comfortable at rest, but ordinary physical activity causes fatigue, palpitation, dyspnea, or angina pain. Class III patients have a marked limitation of physical activity where they are comfortable at rest, but less than ordinary activity causes fatigue, palpitation, dyspnea, or angina pain. American Heart Association, http://www.heart.org/HEARTORG/Conditions/HeartFailure/AboutHeartFailure/Classes-of-Heart-Failure_UCM_306328_Article.jsp (last accessed on September 30, 2013.)

[3] Myocardial infarction is a heart attack. Stedman's Medical Dictionary 895 (27th ed. 2000).

[4] Hyperlipidemia or lipemia is the presence of an abnormally high concentration of lipids in the circulating blood. Stedman's Medical Dictionary 851, 1019 (27th ed. 2000).

that Dr. Alex's testimony does not contradict Dr. Demorlis' opinion. Dr. Demorlis' report clearly indicates that Gott was either in Class II *or* III. (Tr. 219.) (emphasis added). Dr. Alex's testimony that Gott was in Class II does not contradict Dr. Demorlis' report and is supported by Dr. Demorlis' examination notes and the other medical evidence in the record.

Next, the ALJ gave no weight to the Physical RFC assessment signed by Dr. Maynard on May 25, 2007. (Tr. 357.) The ALJ noted that the Physical RFC assessment was inconsistent with the other objective medical evidence in the record, including Dr. Maynard's treatment notes. (Tr. 356-57.) More importantly, however, the assessment was completed by Gott, not Dr. Maynard. (Tr. 357.) Gott contends that although the assessment is in his handwriting, Dr. Maynard signed it and had the document in his possession for quite some time. (Pl.'s Br. at 24.) The Physical RFC assessment is clearly written in the first person and does not provide answers to the questions regarding the medical findings that support the limitations listed on the form. (Tr. 297-301.) The Court finds that substantial evidence supports the ALJ's finding that the Physical RFC assessment signed by Dr. Maynard was entitled to no weight.

### B. Development of Record Regarding Mental Impairment

Next, Gott contends that the ALJ failed to fairly and fully develop the record regarding any mental impairment, because he relied on the testimony of Dr. James Reid and did not order a consultative examination. Further, Gott contends that Dr. Reid's opinion did not take into account a consultative examination done by Dr. Thomas Spencer on May 19, 2010, which was used to re-certify Gott for Medicaid benefits.

"There is no bright line test for determining when the [Commissioner] has failed to develop the record. The determination in each case must be made on a case by case basis." *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994). A claimant for social security disability

benefits has the responsibility to provide medical evidence demonstrating the existence of an impairment and its severity during the period of disability and how the impairment affects the claimant's functioning. 20 C.F.R. § 404.1512(c). The ALJ has a duty to fully develop the record. *Smith v. Barnhart,* 435 F.3d 926, 930 (8th Cir. 2006) (citation omitted). This duty requires the ALJ to develop a complete medical history for the claimant for at least twelve months preceding the month in which the claimant's application was filed before making a determination. 20 C.F.R. § 1512(d). In some cases, this duty requires the ALJ to obtain additional medical evidence, such as a consultative examination of the claimant, before rendering a decision. *See* 20 C.F.R. § 404.1519a(b). "[R]eversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial. *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995). "A claimant bears the burden of proving the ALJ failed to adequately develop the record and this failure resulted in prejudice." *Sullins v. Astrue*, No. 4:10-CV-1014 MLM, 2011 WL 4055943 (E.D. Mo. Sept. 6, 2011) (citing *Onstad v. Astrue*, 999 F.2d 1232, 1234 (8th Cir. 1993)).

In this case, the Court finds that the record was sufficiently developed to allow the ALJ to make a disability determination. Dr. Spencer's opinion was given more than a year after Gott's social security eligibility period ended. "When an individual is no longer insured for Title II disability purposes, [the Court] will only consider an individual's condition as of the date [he] was last insured." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). The medical evidence in the record regarding Gott's treatment for generalized anxiety disorder, his medications, his testimony, and Dr. Reid's opinion were sufficient to make a determination regarding the severity of Gott's mental impairments.

## C. Combined Effects of Impairments

Gott contends that the ALJ failed to evaluate the combined effects of all of his impairments. "[T]he ALJ must consider the effects of the combination of both physical and mental impairments to determine whether the combination of impairments is medically equal to any listed impairment." *Raney v. Barnhart,* 396 F.3d 1007, 1011 (8th Cir.2005.) (internal citations omitted). "The ALJ [adequately] summarized Gott's medical records and separately discussed each of [Gott's] alleged impairments." *Martise v. Astrue,* 641 F.3d 909, 924 (8th Cir.2011). "The ALJ found no evidence that the combined clinical findings from these impairments reached listing level severity." *Raney,* 396 F.3d at 1011. The ALJ specifically found that Gott did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. (Tr. 347-48.) "Based on the ALJ's synopsis of [Gott's] medical records and discussion of each of [Gott's] alleged impairments, [the Court] concludes that the ALJ properly considered the combined effects of [his] impairments. *Martise,* 641 F.3d at 924. *See also Hajeck v. Shalala,* 30 F.3d 89, 92 (8th Cir.1994) (ALJ's decision affirmed where ALJ found claimant had a history of several severe impairments, but did not have an impairment or combination of impairments that would constitute a disability); *Browning v. Sullivan,* 958 F.3d 817, 821 (8th Cir.1992) (ALJ's decision affirmed where ALJ separately discussed claimant's mental disorder, physical impairments, complaints of pain, and daily activities sufficient for determination of whether impairments in combination met the Listings).

## D. Residual Functional Capacity

Finally, Gott contends that the ALJ's determination that he had the RFC to do light work is not supported by his testimony. Gott asserts that he can only stand 5 minutes before he has to

10

sit or lay down and that he lays down frequently during the day due to pain and light work may involve a good deal of walking or standing.

RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545. The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. *See Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. *Id.* The absence of objective medical evidence is just one factor to be considered

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

11

in evaluating the claimant's credibility and complaints. *Id.* The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

> (1) the claimant's daily activities;
>
> (2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) any precipitating or aggravating factors;
>
> (4) the dosage, effectiveness, and side effects of any medication; and
>
> (5) the claimant's functional restrictions.

*Id.* The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005).

The Court finds that the RFC determination was supported by substantial evidence in the record as a whole. The ALJ's decision thoroughly discussed Gott's testimony regarding his daily activities, his subjective evidence, regarding pain, and the dosage, effectiveness, and side effects of any medication. (Tr. 348-358.) The ALJ also considered Gott's credibility including evidence in the record that Gott was non-compliant with taking prescribed medication, continued to smoke against medical advice, and failed to obtain follow-up care for his heart condition on numerous occasions. (Tr. 348-350, 353-354, 356-358.) The ALJ's decision gives an exhaustive summary of Gott's medical treatment records, which are many times inconsistent with Gott's allegations of disabling functional restrictions. Therefore, the Court finds that the RFC

determination is supported by substantial evidence in the record as a whole and the ALJ's decision should be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief which Gott seeks in his Complaint and Brief in Support of Plaintiff's Complaint is **DENIED**.  [Docs. 2, 17.]

**IT IS FURTHER ORDERED** that the Court will enter a separate judgment in favor of the Commissioner.

Dated this 3rd day of October, 2013.

    /s/ Nannette A. Baker    .
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE